THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, *v.* BENJAMIN J. HILL, APPELLANT.

*A statute making the possession of an article conclusive evidence of an intent to sell the same, in an action for a penalty, is constitutional* — 1885, *chap.* 183, *sec.* 8.

Section 8 of chapter 183 of 1885, providing that "if any person shall coat, powder or color with annatto, or any coloring matter whatever, butterine or oleomargarine, * * * or shall have the same in his possession, or shall sell or offer for sale or have in his possession, any of the said products which shall be colored or coated in semblance of or to resemble butter or cheese, it shall be conclusive evidence of an intent to sell the same for butter or cheese," is constitutional.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the circuit.

*Albert Reynaud*, for the appellant.

*William P. Quin* and *Edward B. Thomas*, for the respondent.

BRADY, J.:

This action was brought to recover the penalty provided for in section 19 of chapter 183 of the Laws of 1885. That statute, by its eighth section, declares that no one shall make or keep, with intent to sell for butter, or sell with like intent, any substance resembling butter, unless made from pure unadulterated milk or cream. The penalty imposed is $500. The proof was that the substance sold by the defendant was oleaginous, not produced from milk or cream, but made in whole or in part from animal fats or

oils, and not produced from unadulterated milk or cream, and was colored so as to resemble butter, the product of the dairy.

Section 8 of the act mentioned declares that if any person shall coat, powder or color with annatto, or any coloring matter whatever, butterine or oleomargarine, or any compounds of the same, or any product or manufacture made in whole or in part from animal fats or animal or vegetable oils, not produced from unadulterated milks or cream, whereby the said product, manufacture or compound shall be made to resemble butter or cheese, the product of the dairy, or shall have the same in his possession, or shall sell or offer for sale, or have in his possession any of the said products which shall be colored or coated in semblance of or to resemble butter or cheese, it shall be conclusive evidence of an intent to sell the same for butter or cheese, the product of the dairy. And section 19 provides that for a violation of the section just mentioned he shall, in addition to the fines and penalties prescribed for each offense, forfeit and pay a penalty of $500.

The plaintiff established the possession and sale of the prohibited article, and presented a case in all respects in compliance with the statute relating to the subject. The defendant sought to show that he did not know the nature of the product, and did not intend to sell the same for butter; but the court, to use the language of the case, felt bound to hold the color clause and conclusive evidence clause of the section (section 8), to be constitutional, and to be conclusive of any question of innocent intent or ignorance of fact on the part of defendant.

The question presented, therefore, is whether or not the provisions of section 8, by which the possession of the colored substance is made conclusive evidence of an intent to sell the same for butter, is constitutional. All the propositions submitted on behalf of the defendant, and all the points presented upon the trial and upon the argument led to this result. The Court of Appeals have very recently, in fact during the last month, in the case of *People* v. *Arensberg*, treating the subject *e converso*, said : It cannot be claimed that the producers of butter, made from animal fats or oils, have any constitutional right to resort to devices for the purpose of making their product resemble in appearance the more expensive article known as dairy butter, or that it is beyond the power

of the legislature to enact such laws as they may deem necessary to prevent the simulated article being put upon the market in such a form and manner as to be calculated to deceive. The coloring of oleomargarine so as to resemble butter, the product of the dairy, it was shown upon the trial was calculated to deceive, and the conclusive evidence clause already referred to must be regarded as designed to prevent such deception. The principle, it may be added, which must govern this case is enunciated in the case of *Phelps* v. *Racey* (60 N. Y., 10), in which it is said that the legislature may pass many laws, the effect of which is to impair or even destroy the right of property, and that private interest must yield to the public advantage; and further, that all legislative powers not restrained by express or implied provisions of the Constitution may be exercised. The question involved in that case related to the preservation of game and it was said that the measure best adapted to that end was for the legislature to determine and courts would not review its discretion. If the regulations operated in any respect unjustly or oppressively, the proper remedy must be applied by that body, and that although some of the provisions of the act might seem to one unversed in the mysteries of the subject, to be unnecessarily stringent and severe, the court could not say that those involved in that action were foreign to the object sought to be attained, or outside of the wide discretion vested in the legislature.

The object in view in passing statutes so stringent in their nature as those in reference to oleomargarine was to protect, by all possible safeguards, any imposition upon the public by the sale of that manufacture for butter, against which it can readily be understood a multitude of provisions might be enacted affecting the right of property and changing the rules of evidence. The effect of the provision making the possession of colored oleomargarine conclusive evidence of an intent to sell it for butter, the product of the dairy, is to impose upon the dealer the obligation of ascertaining whether or not it has been colored so as to resemble butter, the addition of the coloring matter being in itself an element of fraud, and the manufacture, therefore, when coloring matter is introduced, being a fraud *per se.* When the protection of the public is involved, from a fraud that may be perpetrated, the action of the legislature is dis-

cretionary as to the rules by which the mischief may be avoided, unless in conflict with some declared and plain provision of the Constitution. Considered as an abstract proposition, it does not seem to be oppressive to require from a dealer in an article calculated to deceive the utmost protection against such a result, and to subject him to penalties for neglect or omission of his duty in this respect. His transactions are with the public, and should be, at all times, marked by good faith, whether connected with oleomargarine or any other subject, and in exacting of him such scrutiny as to the article of oleomargarine as to prevent a wrong is neither unjust, oppressive nor unconstitutional.

For these reasons, we think, the judgment appealed from should be affirmed.

VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment affirmed.